UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WUNDERLICH,<br><br>            Plaintiff,<br><br>      v.<br><br>DR. ALLRED, et al.,<br><br>            Defendants. | No.  2:24-cv-1847 TLN CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Screening

Plaintiff is a federal prisoner proceeding pro se with a civil action.  On September 30, 2024, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a).  The court found that plaintiff could proceed on a claim for denial of medical care arising under the Eighth Amendment and a claim for negligence pursuant to the Federal Tort Claims Act (FTCA) against defendant Dr. Allred, a physician employed at F.C.I. Herlong.  The court found plaintiff's identification of the United States as a defendant was not proper as there were no allegations against the United States.

Upon further review, the Court concludes that claims arising under the FTCA are against the United States and not individual employees.  28 U.S.C. §§ 2679(a), 1346(b).  Employees of the United States acting within their scope of employment such as Dr. Allred cannot be sued under the FTCA or state tort laws.  Id; Minneci v. Pollard, 565 U.S. 118, 126 (2012).  A claim of

1

medical malpractice or negligence of a physician is cognizable under the FTCA.  22 U.S.C. § 2702.  Therefore, this case proceeds on a claim for medical malpractice or negligence of a physician against the United States and a violation of the Eighth Amendment against Dr. Allred.

II.  Motion to Dismiss Standard

Defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  ECF No. 21.  Plaintiff filed an opposition (ECF No. 22), and defendants filed a reply (ECF No. 23).

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court may consider facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.1987).  Plaintiff attaches medical records to his complaint in support of his allegation that defendant Allred cancelled prescriptions.  The court can also consider evidence presented by defendants "that, in fairness ought to be considered at the same time" as evidence attached to the complaint.  Fed. R. Evid. 106. The court also considers, without objection by plaintiff, medical records presented by defendants which also concern the issue of cancelled prescriptions.

III.  Facts in Light Most Favorable to Plaintiff

In 2012, plaintiff had a motorcycle accident which resulted in severe head trauma.  As a result, plaintiff suffered from constant dizziness and was diagnosed as bi-polar.  ECF No. 1 at 2.  For his issues plaintiff was prescribed Buspirone for anxiety, Olanzapine for hallucinations, Bupropion for depression, Ibuprofen for pain, and Lamotrigine for bi-polar and seizures.  Id. at 5.  Plaintiff was prescribed Olanzapine by Dr. Rutledge.  ECF No. 21-1 at 20.  Defendant Allred prescribed Lamotrigine and Buspirone.  ECF No. 1 at 18-19.

2

Plaintiff saw defendant Allred on March 30, 2023.  ECF No. 21-1 at 17.  Plaintiff asserted that he suffered from bi-polar disorder and auditory hallucinations.  Id.  Plaintiff confirmed he was taking the three medications identified above.   Id.  On that date, defendant Allred discontinued plaintiff's prescription for Olanzapine.  Id. at 17-18.  While it is not entirely clear why, there is a notation made following plaintiff's visit with defendant Allred that plaintiff had no clear mental health diagnosis requiring treatment.  Id.  Defendant Allred indicated that he reviewed plaintiff's chart after the visit.  Id. at 17.  Plaintiff was scheduled for a follow up on May 29, 2023.  Id. at 18.

Plaintiff points to evidence which suggests defendant Allred cancelled something related to plaintiff on April 10, 2023.  It was most likely an appointment, but it is not clear when the appointment was.  ECF No. 1 at 22.

The prescriptions for Lamotrigine and Buspirone, ordered by defendant Allred, expired on April 29, 2023.  ECF No. 1 at 18-19.

Beginning April 29, plaintiff was denied all three medications.  Id. at 5.  While plaintiff was off his medication, he suffered two seizures.  Id.  Plaintiff had had only one seizure since 2018 while on his medication.  Id.  Because of the seizures suffered while off his medication, plaintiff suffers from short-term memory loss and mental duress.  Id.

Records attached to plaintiff's complaint indicate prescriptions for Lamotrigine, Olanzapine, and Buspirone were re-instated on June 14, 2023, by Nurse Practitioner Ronald Burnett.  ECF No. 1 at 16.

IV.  Arguments and Analysis

   A.  Failure to State a Claim

Denial or delay of medical care can violate the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs.  Id.

A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at

3

104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).

"Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett, 439 F.3d at 1096.

A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see McGuckin, 974 F.2d at 1060.

Defendants assert plaintiff has alleged nothing more than a difference of opinion with respect to defendant Allred's cessation of plaintiff's medications. However, plaintiff alleges more than a difference of opinion. Construing the complaint the most favorably to plaintiff, defendant Allred let the medications he prescribed expire and terminated a prescription ordered by another doctor. While it is possible that this course of action was not the result of deliberate indifference or negligence, such is not the necessary conclusion to be drawn warranting dismissal of plaintiff's claims via Rule 12(b)(6).

/////

/////

B.  Exhaustion of Administrative Remedies

Defendants assert that plaintiff has not exhausted administrative remedies with respect to his Eighth Amendment claim as he is required to do under 42 U.S.C. § 1997e(a).  In Albino v. Bacca, 747 F.3d. 1162, 1166 (9th Cir. 2014) the Ninth Circuit found:

> Failure to exhaust . . . is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6).

Plaintiff makes no mention of exhaustion in his pleadings, and it is not otherwise clear on the face of the complaint that plaintiff failed to exhaust.  However, defendants' argument on this point is based upon evidence provided by them which the court cannot consider in a Rule 12(b)(6) motion.  Accordingly, the court will recommend that the motion to dismiss based upon failure to exhaust be denied without prejudice to renewal in a motion for summary judgment under Federal Rule of Civil Procedure 56.[1]

C.  Egbert v. Boule

In Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 396-97 (1971), the Supreme Court authorized an action for damages against federal officers for violations of the Fourth Amendment even though the Fourth Amendment does not specifically provide for damages.  In Carlson v. Green, 446 U.S. 14 (1980) the Court found the same with respect to inadequate medical care claims arising under the Eighth Amendment.  In two more recent cases, Ziglar v. Abbasi, 582 U.S. 120 (2017) and Egbert v. Boule, 596 U.S. 482 (2022) the Court expressed reluctance to find other instances where damages could be obtained for violations of

---

[1] Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement demands "proper" exhaustion.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  In order to "properly exhaust" administrative remedies, the prisoner must generally comply with department procedural rules, including deadlines, throughout the administrative process.  Jones v. Bock, 549 U.S. 199, 218 (2006); Woodford, 548 U.S. at 90-91.  Defendants assert plaintiff did not submit a timely appeal at the final level of the grievance process.  An appeal as to plaintiff being denied medication was "rejected" at the final level on August 28, 2023 (ECF No. 21-2 at 13), before this action was brought on July 2, 2024.

5

the Bill of Rights and signaled that is within the province of the legislative branch. Id. at 491. Recognizing new causes of action for damages is "a disfavored judicial activity." Ziglar, 582 U.S. at 135.

Although plaintiff's claim concerning inadequate medical care arising under the Eighth Amendment is the same claim identified in Carlson, defendants assert plaintiff's claim presents "a new Bivens context" and "a Bivens remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" Egbert, 596 U.S. at 492 (quoting Abbasi, 582 U.S. at 136). In Schwartz v. Miller, 153 F.4th 918, 930 (9th Cir. 2025), the Ninth Circuit held that even in non-life-threatening situations, as long as the harm caused was "failure to provide medical attention evidencing deliberate indifference to serious medical needs" "a new context distinguishable from Carlson" is not created. Further, the Ninth Circuit was not concerned with the degree to which care was deficient as long as the deliberate indifference standard is met. Id. at 931. The court is bound by Schwartz and need not took for "special factors."

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 21) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 2, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
wund1847.biv.dis

6