UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES WUNDERLICH,

Plaintiff,

v.

ALLRED, et al.,

Defendants.

No. 2:24-cv-001847 TLN CKD (PC)

ORDER

Plaintiff is a former federal prisoner proceeding pro se in this civil action. Pursuant to the scheduling order, the discovery deadline is July 31, 2026, and the pretrial motion deadline is October 23, 2026. (ECF No. 34.) Beginning in May 2026, plaintiff filed seven motions in quick succession, causing the undersigned to issue a limiting order on June 11, 2026, pausing plaintiff's filing of motions for thirty days. (ECF No. 66.) The undersigned now addresses the motions plaintiff filed before the limiting order went into effect.

**I. Motions to Strike (ECF Nos. 40 & 61)**

On May 11, 2026, plaintiff filed a "Motion to Strike and Motion for Sanctions." (ECF No. 40.) He seeks to strike defendant Dr. Allred's response to Interrogatory No. 8 as "demonstrably false." Plaintiff argues that defendant Allred's response is contradicted by other evidence and seeks "evidentiary sanctions." (Id.)

Defendant Allred filed an opposition (ECF No. 48), arguing that plaintiff failed to meet

and confer as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and the scheduling order, and the motion is subject to dismissal on this basis. Alternatively, defendant Allred argues that plaintiff's motion fails on the merits.

Plaintiff filed a reply (ECF No. 53), making various other arguments about the discovery responses he received, unrelated to defendant's points in the opposition.

Rule 37(a)(1) provides that any motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." See also E.D. Cal. Local Rule 251(b) (discovery motions shall not be heard unless the parties have conferred and attempted to resolve their differences, and the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement). The scheduling order in this action provides that filing a discovery motion that does not comply with all applicable rules, including Federal Rule 37 and Local Rule 251, may be subject to sanctions including denial of the motion. (ECF No. 34 at 5.)

Plaintiff has not attempted to meet and confer with defendant as required. The bigger problem with motion, however, is that it is based on unsupported claims of perjury and does not provide any reasonable basis on which to strike defendant Allred's response to Interrogatory No. 8. See Fed. R. Civ. Proc. 33. Barring unusual circumstances, the proper way to challenge an opposing party's response to an interrogatory is through objections, not asking the court to "strike" the response. See Rule 33(b)(5). Plaintiff argues that defendant's response is contradicted by other facts, but that is a determination reserved for later in the case. Nor has plaintiff shown any basis for sanctioning defendant Allred. Plaintiff's motion (ECF No. 40) is frivolous and will be denied.

Similarly, plaintiff's second motion to strike, filed June 8, 2026, seeks to strike defendant Allred's affirmative defense of professional medical judgment. (ECF No. 61.) Defendants filed an opposition arguing the motion is meritless. (ECF No. 77.) The court agrees. Plaintiff has shown no basis for striking this affirmative defense under Federal Rule of Civil Procedure 12(f) (court may strike "insufficient" defense or "any redundant, immaterial, impertinent, or scandalous

matter”). If plaintiff seeks to argue there is no merit to a particular affirmative defense, the proper time for that is later in the action (as plaintiff seems to understand by asking the court to alternatively “grant[] partial summary judgment in Plaintiff’s favor on that defense.”). (ECF No. 61 at 16.) Plaintiff’s second motion to strike (ECF No. 61) is frivolous and will be denied.

**II. Motions to Preserve Evidence (ECF Nos. 41 & 60)**

On May 11, 2026, plaintiff filed a motion for “a preservation order, compelled complete production, and sanctions.” (ECF No. 41.) He asserts that defendants’ discovery production is incomplete and omits multiple significant documents. (Id.) Defendants filed an opposition, arguing that plaintiff failed to meet and confer as required and that, alternatively, the motion fails on the merits. (ECF No. 49.)

On June 8, 2026, plaintiff filed a second order for preservation of certain evidence, arguing that defendants have altered the record and not produced all responsive documents. (ECF No. 60.) Defendants opposed the motion, arguing that plaintiff “has filed several meritless and confusing documents regarding discovery” and that this motion, too, fails on the merits. (ECF No. 76.) “To the extent documents were not produced by the United States, it is because Plaintiff did not sign his discovery requests [and] the United States was not required to respond pursuant to Rule 26(g)(2).” (Id. at 2.)

It is not the court’s job to micromanage the production of requested documents in the absence of any conversation or cooperation between the parties. Rather, the moving party in a discovery motion is required to meet and confer so that such issues can be ironed out without judicial intervention. Plaintiff’s discovery motions (ECF Nos. 41 & 60) will be denied for failure to attempt to meet and confer prior to filing, as required by the scheduling order and applicable federal and local rules.

**III. Motion to Compel (ECF No. 52)**

On June 3, 2026, plaintiff filed a motion to compel the production of certain documents in response to his Request for Production of Documents (RFPs), Set One. (ECF No. 52.) Plaintiff argues that defendant’s response to this request is inadequate and omits relevant documents referenced in the record.

Defendants filed an opposition (ECF No. 58) pointing out that, as before, plaintiff failed to include the required certification that he attempted to meet and confer before filing this motion. See Fed. R. Civ. P. 37(a)(1) (discovery "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). The court agrees that, in filing a flurry of discovery motions without attempting to resolve any of the issues informally, plaintiff is not engaging in good faith discovery practice but something closer to harassment. Under the scheduling order, sanctions including denial of the motion are appropriate. Plaintiff's motion to compel (ECF No. 52) will be denied.

**IV. Motion to Supplement the Record (ECF No. 62)**

Also on June 8, 2026 (when plaintiff filed four separate discovery motions), plaintiff filed a motion to supplement the record with certain post-release medical evidence. (ECF No. 62.) He asserts that this evidence consists of "three independent medical evaluations and treatment records from Plaintiff's current treating physicians in Washington, D.C.—all prepared in May 2026[.]" (Id. at 1.)

Defendants filed an opposition arguing that plaintiff's "request is vague and ambiguous" and that "he is free to produce documents in response to the Defendants' request for production of documents[.]" (ECF No. 78 at 2.)

There is no reason to order defendants to produce non-prison medical records in plaintiff's possession, and the motion to supplement (ECF No. 62) will be denied as meritless.

**V. Motion for Sanctions (ECF No. 63)**

The fourth motion plaintiff filed on June 8, 2026, is a motion for sanctions based on defendants' alleged omission of some medical records responsive to his discovery requests. (ECF No. 63.) Plaintiff seeks an order excluding certain trial testimony by defendant Allred based on defendants' alleged failure to produce the underlying records. Plaintiff also requests a jury instruction on adverse inference. (Id.)

Defendants filed an opposition arguing that this is "another defective and harassing motion" that does not comply with the meet and confer requirement and is meritless.

As above, the court does not view this as a good faith attempt to resolve discovery issues, given the lack of any attempt to meet and confer before filing multiple discovery motions. Nor has plaintiff shown any reasonable basis for sanctioning defendants. Finally, the relief plaintiff seeks concerns the trial stage of this litigation and is premature. There is no reason to discuss jury instructions or excluding trial testimony at the discovery stage, and plaintiff is wasting defendants' and the court's time. Plaintiff's motion to compel (ECF No. 52) will be denied.

## VI. Limiting Order

Given plaintiff's propensity for filing frivolous motions, the court will summarily deny any future discovery motion that does not contain the required Rule 37 Civ. P. 37(a)(1) certification. Defendants need not respond to any such motion, or if they respond, can simply refer to this order.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to strike (ECF No. 40) is DENIED;
2. Plaintiff's motion for preservation (ECF No. 41) is DENIED;
3. Plaintiff's motion to compel (ECF No. 52) is DENIED;
4. Plaintiff's motion for evidence preservation order (ECF No. 60) is DENIED;
5. Plaintiff's motion to strike (ECF No. 61) is DENIED;
6. Plaintiff's motion to supplement the record (ECF No. 62) is DENIED;
7. Plaintiff's motion for sanctions (ECF No. 63) is DENIED; and
8. Plaintiff shall include a Rule 37 Civ. P. 37(a)(1) certification with any future discovery motion, and its absence shall be grounds for summary denial of the motion.

Dated: July 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/wund1847.ord